### KRONENBERGER v. TESCHEMACHER.

(Supreme Court, Appellate Term. December 11, 1906.)

BROKERS—COMPENSATION—CONTRACT OF HIRING—ACCEPTANCE OF OFFER—COMPLIANCE WITH TERMS.

Where an applicant for a loan to run for three years agreed to pay the broker through whom he made the application a certain sum if such loan was made, the presentation to the applicant of a mortgage payable on demand, accompanied by two extension agreements by which it was extended for three years, subject to the mortgagee's right to enforce payment by giving sixty days' notice in the event of the passage of a law changing the rate of taxation upon mortgages, was not an acceptance of the applicant's offer and the terms imposed, nor a compliance with the application for the loan, and hence did not entitle the broker to commissions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 66, 72.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Lawrence Kroneberger against Mathilda Teschemacher. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

George A. Steinmuller, for appellant.

Phillips & Samuels, for respondent.

GILDERSLEEVE, J. The defendant made a written application to the Title Guarantee & Trust Company, through the plaintiff as broker, for a loan of $5,000 to run for three years, and agreed to pay the plaintiff the sum of $50 for his services if such loan was made. In pursuance of such application the defendant was required to appear at the office of the plaintiff for the purpose of executing such bond and mortgage. When the parties met, the mortgage which the defendant was asked to execute was one payable upon demand. Accompanying said

mortgage were two extension agreements, which were to the effect that, in consideration of the sum of $1 paid by the defendant, the time of payment of said mortgage was extended for three years, but that in the event, among other things, of the passage of a law changing the rate of taxation upon mortgages the mortgagee had the right to enforce payment of the mortgage by giving sixty days' notice. This mortgage and extensions the defendant declined to execute, whereupon the plaintiff sued for and recovered a judgment for $50 the amount of his commission. The presentation for execution by the defendant of the mortgage and extensions as above stated was not an acceptance of her offer, and the terms imposed by the lender were not a compliance with her application for the loan. The plaintiff did not, therefore, earn his commission, and the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.